## Appeal of Demas L. Ames et al.

Findings of fact by an auditor, like the verdict of a jury, are not to be set aside except for clear error.

Where it was sought to surcharge the account of an executor with a sum received by him from decedent and which accountant claimed as a gift, and the auditor sustained the theory of a gift "as an inference drawn from facts proved, and not being entitled to the same weight as if the facts had been directly found," such finding is equivalent to a direct finding of the fact and of equal weight.

(Argued October 17, 1887. Decided October 31, 1887.)

October Term, 1887, No. 29, W. D., before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ. Appeal from decree of Orphans' Court of Washington County dismissing exceptions to an executor's account. Affirmed.

John Ames died April 10, 1884, having appointed as executors, his three sons: Arthamer, Erastus H., and Demas L. Ames. They filed separate accounts. To the account of Arthamer the other heirs filed exceptions, because he had failed to charge himself with $1,200 alleged to have been borrowed from decedent, or money in accountant's hands belonging to decedent.

The account was referred to an auditor, M. C. Acheson, Esq.

It appeared in evidence that Arthamer received the money from his father on April 2, 1884, eight days before the latter's death; after the 4th or 5th day of April he was incapable of attending to business. The evidence consisted of declarations and statements of the parties prior and subsequently to this interview and an entry in a book of account, alleged to have been made by Arthamer. Appellants claimed that this book belonged

NOTE.—For the conclusiveness of the findings of an auditor, see note to Warner's Appeal, 1 Sad. Rep. 310.

to decedent, while the auditor finds the evidence slight that it belonged to Demas, his son.   The book was as follows: "March, 1884, account of money;" then followed entries of several payments made by decedent and the entry, "April 2.   Let Arthamer have by note, $1,200."

It was claimed by appellants that accountant, being in need of money to pay for a farm, called on his father; and several witnesses testified to statements made by Arthamer admitting his obligation to repay his father, and that he had intended to give him a note therefor; and Demas testified that Arthamer attempted to influence him to destroy the above-mentioned entry.

By accountant it was claimed that the father voluntarily gave the money, refused to accept the note, and stated to witnesses that he intended to help Arthamer, having before helped the other children; that the evidence of contrary admissions was not clear, or credible, and the gift was reasonable, considering the value of the estate.

The will provided certain life estates and remainders, inter alia, to the children of Arthamer; and the auditor admitted a daughter of accountant to testify in his behalf concerning matters happening before the death of John Ames.

The auditor found as follows:

"The conclusion of the auditor drawn from the evidence is that John Ames had arranged with his son Arthamer to give him $1,200 to make a payment on his farm; that Arthamer was to give a note or obligation binding himself to pay the interest on $1,200 to his father as long as the latter lived, and that Arthamer was not required and did not obligate himself to repay any part of the principal.  As already stated, this is the auditor's inference drawn from the evidence, having in mind the fact that the accountant has stated his account under oath and that the burden of proof is upon the exceptants.

"The auditor, therefore, overrules the exceptions to the account of Arthamer Ames.   If he is in error, the court on appeal will do justice to exceptants,—the finding of the auditor being an inference drawn from facts proved, and not being entitled to the same weight as if the facts had been directly found." Hindman's Appeal, 85 Pa. 470.

To which the appellants excepted because the auditor had not surcharged accountant with the $1,200 and because he admitted

a daughter of accountant to testify in his behalf concerning matters happening before the death of John Ames.

The court, HART, J., dismissed the exceptions and confirmed the report, filing the following opinion:

"The question of fact for the auditor's decision in this case was whether the $1,200 which the accountant, Arthamer Ames, received from his father, on the second of April, 1884, was intended as a gift or a loan. The testimony on the subject is something conflicting and contradictory. Judging from the mere reading of the depositions, it would not seem that the accountant, on whom rested the burden of proof from the start, has made out his case as clearly as could have been desirable. But, keeping in mind that the findings of fact by an auditor, like the verdict of a jury, are not to be set aside, except for clear and plain mistake, and that the auditor in this case had the advantage of seeing the witnesses, and noting their manner and deportment on the witness stand (and, so, of judging of their relative intelligence, candor, and credibility), I am not prepared to say that he has fallen into such flagrant error as to justify the court in reversing his decision.

"The position assumed by counsel for exceptants, that the reservation of interest to be paid to the father during his life, if there was such a reservation, took from the transaction the character of a gift, and converted it into a loan, whatever may have been the intention of the father, is not tenable. A condition of that kind may be attached to a gift, as well as to a sale or a loan. Riegel v. Wooley, 81* Pa. 227.

"I think the auditor was right in ruling that Annie Ames was a competent witness, on the ground that she was called to testify against her interest. The fact of her being a daughter of the accountant, Arthamer Ames, went to her credibility, but did not affect her legal competency."

From this decree appellants took this appeal, assigning as error that the court erred in not surcharging accountant.

*Irwin & Hughes* and *McCracken & Stevenson,* for appellants. —The evidence was insufficient to prove a gift; and the declarations of accountant show that the transaction was a loan, for which he intended to give his note.

The money having been obtained by Arthamer, under an

arrangement by which he was to give his father a note for it, the legal effect is the same as if a note was given and the law holds it to be a loan, and not a gift.

If a son asks his father to lend him a sum of money, and the father does so, without saying more, or anything about the repayment of it, or taking a security of any kind for its repayment, it becomes a debt upon loan, and not an advancement; and the law in such case, it being a debt, implies a promise to repay immediately. Levering v. Rittenhouse, 4 Whart. 140, 141.

Where a son receives money from his father to enable him to embark in business, and gives his note for the amount at the time, the transaction cannot be charged from a loan to a gift, or advancement, by the loose declarations of the father that he 'gave' the money to the son. The idea of a gift or advancement is repelled where an obligation for the payment of the amount is taken at the time the money is received by the child from the parent. Roland v. Schrack, 29 Pa. 125.

The authorities are clear and explicit that this state of facts rebuts the idea of a gift. Levering v. Rittenhouse, 4 Whart. 140; High's Appeal, 21 Pa. 287; Harris's Appeal, 2 Grant Cas. 304; Miller's Appeal, 40 Pa. 60, 80 Am. Dec. 555.

The use of the money by Arthamer was to be paid for, and his father was to receive interest, which necessarily implies that the title to the principal was to remain in him until his death.

No gift can be made by words *in futuro*. Fink v. Cox, 18 Johns. 145, 9 Am. Dec. 191; *Re* Campbell, 7 Pa. 100, 47 Am. Dec. 503; McGuire v. Adams, 8 Pa. 286; Withers v. Weaver, 10 Pa. 392; Headley v. Kirby, 18 Pa. 326; Lonsdale's Estate, 29 Pa. 412; Trough's Estate, 75 Pa. 117; and Zimmerman v. Streeper, 75 Pa. 147; Helfenstein's Estate, 77 Pa. 331, 18 Am. Rep. 449.

Such a transaction would be in the teeth of our act of assembly in regard to wills. Graham v. Graham, 34 Pa. 482; Pollock v. Ray, 85 Pa. 433; Larkin's Estate, 16 W. N. C. 543.

*J. F. McFarland,* for appellee, accountant.—The authorities cited by appellants are inapplicable, because there is no evidence that accountant either requested his father for money or that any interest was to be paid.

The auditor's findings of fact are conclusive. Riddle's Estate, 19 Pa. 434.

It is important to determine where is the burden of proof in this case.

Was the $1,200 which the son received from the father a gift or loan ? A gift is a voluntary conveyance. Bouvier Law Dict.

It is a contract executed, and the act of execution is delivery of possession, the essence of the title. *Re* Campbell, 7 Pa. 101, 47 Am. Dec. 503; Nicholas v. Adams, 2 Whart. 24.

A gift may have conditions, and they can be such as may defeat it. Nicholas v. Adams, 2 Whart. 24; Michener v. Dale, 23 Pa. 63.

A loan is a contract between two persons, but a gift or advancement is the executed intention of one.

If a father without being solicited by a son gives him a sum of money without saying on what account or wherefore he does it, or pays a debt for him, it will be considered a gift or advancement. Levering v. Rittenhouse, 4 Whart. 141.

The law defining difference between advancement and loan is applicable, for an advancement is a quasi gift—more like a gift than a loan.

"An advancement is a gift." Dutch's Appeal, 57 Pa. 466.

In Weaver's Appeal, 63 Pa. 311, the court declares that when an intestate father gives money or pays for land and gives it to his child, it is construed as an advancement, not a loan. See also Miller's Appeal, 40 Pa. 61, 80 Am. Dec. 555.

One thousand two hundred dollars was a comparatively small sum for an aged farmer as wealthy as the auditor's report shows John Ames to be; especially when given to a son whom he had never helped, while "he had helped all the rest of the children," as he expressed it. Lawson's Appeal, 23 Pa. 87.

The presumption therefore is, it was a gift. Weaver's Appeal, 63 Pa. 311.

The charge against accountant is embezzlement. Wherever such charge is made, its gravity requires careful consideration of the evidence. Milligan's Appeal, 97 Pa. 532.

PER CURIAM:

The learned auditor has found the facts "that John Ames had arranged with his son Arthamer to give him $1,200 to make a payment on his farm; that Arthamer was to give a note or obligation binding himself to pay the interest on $1,200 to his father as long as the latter lived, and that Arthamer was not required

and did not obligate himself to repay any part of the principal."

The auditor states this as his "conclusion drawn from the evidence." This is a finding of the fact. It is a conclusion of fact found from the evidence, not a mere inference from a fact found.

We make these remarks to correct a misapprehension into which the learned auditor appears to have fallen as to the effect of his finding. Hindman's Appeal, 85 Pa. 466, is not in point.

With the controlling fact in the case thus found, the conclusion of the auditor follows of necessity. There is nothing else in the case.

Decree affirmed and the appeal dismissed, at the costs of the appellants.